IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL HERNANDEZ,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 25-CV-2018 |
| | : |
| DEPT. OF CORRECTIONS, *et al.*<br>    Defendants. | :<br>: |

**MEMORANDUM**

**GALLAGHER, J.**                                                                                                                                                                                                     **MAY  12, 2025**

      Michael Hernandez, a prisoner currently incarcerated at SCI Phoenix, filed this civil rights action against the Pennsylvania Department of Corrections, SCI Chester Superintendent Gina Clark, and three unknown SCI Chester employees.  Clark and the other employees are named in their official and individual capacities.  Hernandez also filed a Motion to Proceed *In Forma Pauperis*, which the Court will grant.  For the following reasons, the Complaint will be dismissed in part with prejudice and in part without prejudice and Hernandez will be permitted an opportunity to file an amended complaint.

**I.    FACTUAL ALLEGATIONS**[1]

      Hernandez alleges that he was beaten, stabbed, and physically and sexually assaulted to the point of unconsciousness on October 26, 2024, on the DB Unit, Cell DB-57, between 18:00 and 19:30 by another inmate. (Compl. at 4, 5-6.)  When he came to, unknown officers were at the door of his cell, saw the blood on his person, but did nothing to help him. (*Id*. at 4.)  He received no help until the next day when an unknown Lieutenant saw him. (*Id*.)  He asserts that the unknown

---

[1] The factual allegations are taken from Hernandez's Complaint. (ECF No. 1.)  The Court adopts the sequential pagination assigned by the CM/ECF docketing system.

correctional officers knew that there was a substantial risk that he would be seriously harmed "through video surveillance" but failed to protect him. (*Id.*) Hernandez seeks money damages. (*Id.*)

## II. STANDARD OF REVIEW

The Court grants Hernandez leave to proceed *in forma pauperis*.[2] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Hernandez is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[2] Because Hernandez is a prisoner, he must still pay the $350 filing fee for this case in installments as required by the Prison Litigation Reform Act.

**III.   DISCUSSION**

Hernandez asserts constitutional claims against the DOC, Clark, and the unknown SCI Chester employees. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

**A.   Claims Against the DOC and Official Capacity Claims**

Hernandez seeks money damages against the DOC and has named all other Defendants in their official capacities. These claims are dismissed because states, their agencies, and state officials acting in their official capacities are not considered "persons" for purposes of § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66, 70-71 (1989). Furthermore, the Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Public Schs.*, 341 F.3d 234, 238 (3d Cir. 2003). The Commonwealth of Pennsylvania has not waived that immunity. *See* 42 Pa. Cons. Stat. § 8521(b). Accordingly, the claims for money damages Hernandez seeks to assert against the DOC and the Defendants in their official capacity may not proceed.

**B.   Individual Capacity Claims Against Clark**

The individual capacity claim against Superintendent Clark is also not plausible. It appears that Hernandez named Clark based solely on her position as the Superintendent of SCI Chester. He simply listed Clark in the caption and makes no specific allegations that she was personally

3

involved in the incident he describes and does not allege that she instituted a policy that violated his constitutional rights.

Generalized allegations that a supervisory defendant is "in charge of" or "responsible for" an office or facility are insufficient to allege personal involvement in an underlying constitutional violation. *See Saisi v. Murray*, 822 F. App'x 47, 48 (3d Cir. 2020) (*per curiam*) ("Saisi asserted that some defendants were 'in charge of agencies that allowed this to happen,' and that liability stemmed merely from defendants' 'belief' that their conduct would be 'tolerated.' However, a director cannot be held liable 'simply because of his position as the head of the [agency].'" (quoting *Evancho v. Fisher*, 423 F.3d 347, 354 (3d Cir. 2005)). Also, liability under § 1983 cannot be predicated on a *respondeat superior* basis due to the actions of a subordinate. *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 227 (3d Cir. 2015); *Robinson v. Delbalso*, No. 22-2378, slip op. at 3-4 (3d. Cir. Nov. 28, 2022) (*per curiam*).

Rather, "[s]uits against high-level government officials must satisfy the general requirements for supervisory liability." *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."

4

*Chavarriaga*, 806 F.3d at 227. Because Hernandez does not allege that he was injured due to a policy that Clark established or that Clark was personally involved in the failure to prevent the assault or the delay in getting him help after it was discovered, the individual capacity claims against her will be dismissed. The Court will permit Hernandez an opportunity to file an amended complaint to assert a plausible claim against Clark.

## C. Individual Capacity Claims against the Doe Defendants

Hernandez names several Doe Defendants asserting that when he came to after the attack, unknown officers were at the door of his cell, saw the blood on his person, but did nothing to help him and he received no help until the next day when an unknown Lieutenant saw him. (Compl. at 4.) He asserts that the unknown correctional officers knew that there was a substantial risk that he would be seriously harmed "through video surveillance" but failed to protect him. (*Id.*) The Court understands Hernandez to be asserting an Eighth Amendment "failure-to-protect" claim, and possibly a claim based on deliberate indifference to a serious medical need. However, these claims cannot proceed as pled because Hernandez includes only conclusory and undeveloped allegations.

To successfully state a failure-to-protect claim under the Eighth Amendment, a plaintiff must allege: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *See Hamilton v. Leavy*, 117 F.3d 742, 746 (3d Cir. 1997); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Hernandez does not allege facts to state a plausible claim that the unknown Defendants knew the inmate that assaulted him posed a substantial risk of serious harm to him before the assault occurred. His assertion that they knew that there was a substantial risk "through video surveillance" is a conclusory allegation unsupported by any underlying facts and is thus insufficient by itself to allege a plausible claim. *Iqbal*, 556 U.S. at 678. Rather, to "nudge [the] claims across the line from conceivable to plausible" *Bell Atl. Corp. v. Twombly*, 550

5

U.S. 544, 570 (2007), Hernandez must allege facts to indicate that the Defendants had knowledge of specific threats of serious harm before the incident occurred. *See Keeling v. Wetzel*, No. 23-2045, 2024 WL 3770307, at *3 (3d Cir. Aug. 13, 2024) ("We agree with the District Court that Keeling's amended complaint does not suggest that the defendants 'acted or failed to act despite [their] knowledge of a substantial risk of serious harm.' *Farmer*, 511 U.S. at 842. His allegations do not indicate that his cellmate made specific threats of serious harm, describe a history of physical conflict with that cellmate, or otherwise suggest that a substantial risk of being attacked by his cellmate was 'longstanding, pervasive, well-documented or expressly noted by prison officials in the past . . .'").

The deliberate indifference to serious medical needs claim is also not plausible because it is undeveloped. Hernandez alleges that unknown officers saw blood on his person but did not immediately help him. A prison official is not deliberately indifferent "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. "A medical need is serious, . . . if it is one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cnty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987) (internal quotations omitted). Deliberate indifference is properly alleged "where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need

exists where "failure to treat can be expected to lead to substantial and unnecessary suffering." *Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1023 (3d Cir. 1991).

Hernandez's claim is undeveloped because, while he states the officers saw he was bloody, he does not state that he told the officials what happened to him, that he needed medical attention, or the nature of his injury. In short, he has failed to state that the officials were aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. He also does not describe the nature of his injury with any specificity or that the delay caused him substantial and unnecessary suffering. Accordingly, this claim will also be dismissed with leave to amend.

## IV.     CONCLUSION

For the reasons stated, Hernandez's Complaint will be dismissed. His claims against the DOC and all official capacity claims will be dismissed with prejudice. The balance of the claims will be dismissed without prejudice and with leave to file an amended complaint. Should he file an amended complaint, Hernandez should attempt to identify the unnamed Officers. He should also state as much information as possible about the events surrounding the alleged assault and how each Defendant had a basis to know he was in danger of violence from another inmate. An order follows with additional information on amendment.

**BY THE COURT:**

*/s/ John M. Gallagher*
**JOHN M. GALLAGHER, J.**